## Case No. 15,272.

### UNITED STATES v. GWYNNE.

[1 McLean. 270.] [1]

Circuit Court. D. Ohio. July Term, 1836.

PAYMASTERS OF ARMY — PAY AND EMOLUMENTS.

Paymasters of the army are entitled to receive the pay and emoluments of majors of infantry, and not majors of cavalry.

[Error to the district court of the United States for the district of Ohio.]

[This was an action by the United States against David Gwynne.]

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

Mr. Swayne, Dist. Atty., for the United States.

Mr. Hammond, for defendant.

OPINION OF THE COURT. This case is brought into this court by a writ of error, from the district court. And it has been continued from time to time, until the case of Wetmore v. U. S., pending on a writ of error in the supreme court, should be decided. That case was decided at the last term. 10 Pet. [35 U. S.] 647. The action is brought to recover from the defendant, a certain amount of money, alleged to be in his hands, as late paymaster, in the army. The defendant admits that he withheld from the government the sum which they demand, but he alleges that he has justly withheld it, as a part of his compensation as paymaster, which the government officers have refused to allow. This difference arises from the pay allowed to the defendant as paymaster, the same as a major of infantry, and he claims under the law, the same pay as a major of cavalry. In the above case the supreme court decided that the allowance made by the government was correct, and that a paymaster is entitled only to the same pay as a major of infantry. As this decision is binding it is unnecessary to present my own views of the case. And I gladly embrace the opportunity of publishing the opinion of the lamented Judge Campbell, district judge, which was given in the district court, and which arrived at the same result as the supreme court.

CAMPBELL, District Judge. This is an action of debt brought upon a bond for the payment of $20,000, with the condition that the defendant who had been appointed a battalion paymaster, "should well and truly execute and faithfully discharge, according to law, and to instructions received by him from proper authority, his duties as paymaster, and that he and his heirs, executors or administrators, should regularly account, when thereunto required, for all money received by him from time to time, as paymaster aforesaid, with such person or persons as should be duly authorized or qualified on the part of the United States for that purpose; and also refund at any time when thereunto required, any public monies remaining in his hands unaccounted for." The declaration avers a breach of the condition in this, that the defendant had failed to refund to the United States $2,381.39, a balance found to be in his hands, on the final settlement of his accounts as paymaster, at the treasury department. The plea is non est factum. It was agreed by the counsel, at the bar, that the only question to be decided was, whether the defendant as paymaster, during the time he served as such, was entitled to the pay of a major of infantry, or of a major of cavalry. In determining this question, the safest reference will be to the laws on this subject. It may also be necessary to advert to acts of congress long since repealed. By the act of March 16, 1802 [2 Stat. 132], for fixing the military peace establishment of the United States, the appointment of one paymaster of the army, seven paymasters and two assistants, to be attached to such districts as the president of the United States shall direct, to be taken from the line of commanding officers, was authorized; and by the same act each paymaster was to receive in addition to his pay in the line $30 per month. The fourth section of the same act settles the pay of a major of infantry at $50 per month, and four rations per day. By the fourth section of the act of April 12, 1808 [Id. 481], the pay of a major of light dragoons, was fixed at $60 per month, four rations per day, and forage for four horses. Here it may be remarked, that this section is often referred to as establishing the pay of a major of cavalry, by the term major of light dragoons. The first section of the act of May 16, 1812 [Id. 735], requires the president to appoint as many district paymasters, as in his judgment, the service might require; and if such paymasters are taken from the line of the army, they shall respectively receive $30 per month, in addition to their pay in the line; provided, the same shall in no case exceed the pay and emoluments of a "major;" and if not taken from the line, they shall receive the same pay and emoluments of a major of infantry. It is obvious that under this section the compensation of a paymaster, whether taken from the line or from citizens, should be the same; although the terms "major," and "major of infantry," are used. In the expence, duty, and accountability of a paymaster taken from the line, and of one not taken from the line, there could be no difference; and hence it is difficult to understand, why the one should receive the pay of a major of cavalry, which was $60 a month, and the other $10 less. By the act fixing the military peace establishment of the United States, approved March 3, 1815 [3 Stat. 224], it was contemplated to reduce the army to ten thousand men, to consist of such proportions of artillery, infantry, and riflemen, as the president should think proper; and the corps of engineers, as then established to be retained. The same act required the appointment of paymasters to be made from the subalterns of the line. This act is referred to mainly for the purpose of showing that no cavalry were retained in service. On the 24th of April, 1816 [Id. 297], an act was approved organizing the general staff, and making further provisions for the army. The fourth section authorized the appointment of paymaster from the subalterns of the army, or from citizens, as the president might prefer; and entitled them to the pay and emoluments of a major, without indicating expressly whether of a major of infantry or of a major of cavalry. At the time this act was passed there were no cavalry in service, and of course no major of cavalry.

In deciding the question which this case presents, it is proper to be governed by the amount of pay and emoluments allowed to some officer of the designation of major, known to the existing laws of the country. To this rule it seems to me there can be no valid objection. If applied then, it conducts us to majors of engineers, artillery, infantry, and riflemen, to all of whom is allowed the same compensation, to wit, $50 a month, and four rations a day respectively. To fortify this conclusion, it may be remarked that judge advocates, and chaplains, are allowed the same compensation to which majors are entitled. And it will hardly be contended that they can set up any just claim to the pay of a major of cavalry. In making provision for the corps of engineers and military academy, the allowance to the professor of natural and experimental philosophy was established at that of a lieutenant colonel; not a lieutenant colonel of cavalry. So to the professor of mathematics, and to the professor of the art of engineering, the pay and emoluments of a major, but not of a major of cavalry. Although no definite and precise rule is given by which to determine what compensation was to be paid to these professors respectively, yet as the adjunct cavalry is not used, no doubt is left they are to receive the pay and emoluments of a lieutenant colonel and major of infantry; and such is the fact as appears by a tabular statement of what is paid to every person in any wise connected with the service, appended to rules and regulations of the army, revised in 1817.

The deposition of General Scott has received a full share of my attention. He states that since the passage of the act of March 3, 1813 [2 Stat. 819], paymasters have received the compensation of a major of cavalry. In his compilation, to which he refers, in settling official rank, he is governed by the amount of pay and emolument. This rule induces him to place judge advocates, chaplains, and paymasters in the same grade, which as he believes entitles each of these officers to the allowance of a major of cavalry. In this matter there must be some mistake. The general, or other officers of elevated standing, must, as I apprehend, labor under some misapprehension. The table to which I have already alluded, shows beyond doubt, that the compensation granted to judge advocates, chaplains, and paymasters, is that of a major of infantry; and so say the accounting officers of the treasury department.

From the consideration which I have bestowed upon this case, I feel little hesitation in giving it as my opinion, that the defendant is intitled to the pay and emoluments of a major of infantry, and nothing more.